**FEDERAL DEPOSIT INSURANCE CORP., as receiver for New South Federal Savings Bank, Plaintiff,**

v.

**Ngozika NWANERI, Jr., Anchor Title & Associates, Inc., Stewart Title Guaranty Company, Robert Ousnamer, Peter J. Esposito, Online Appraisals, Inc., Defendants.**

Case No. 6:08–CV–1791.

United States District Court,
M.D. Florida,
Orlando Division.

July 3, 2010.

Lindsay Tygart-Havice, Matthew B. Baggett, Niels P. Murphy, Murphy & Anderson, P.A., Jacksonville, FL, Evans D. Prieston, American Mortgage Law Group, P.C., Novato, CA, for Plaintiff.

Sean R. Santini, Santini Law, Miami, FL, Joseph G. Riopelle, Tampa, FL, Daniel J. Koleos, Koleos, Rosenberg & Doyle, P.A., Ft. Lauderdale, FL, for Defendants.

**MEMORANDUM AND ORDER**

PAUL A. MAGNUSON, District Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment and Motion to Strike Plaintiff's Expert Witness.

**BACKGROUND**

Defendants Robert Ousnamer and Peter J. Esposito are real estate appraisers. At the time of the events giving rise to this lawsuit, Ousnamer was a trainee appraiser

and Esposito was a certified appraiser. They worked for a company called Online Appraisals, Inc., although whether they were independent contractors or employees of the company is a matter of some dispute. Online Appraisals was a Defendant in this matter but Plaintiff's claims against the company have been dismissed. In fact, Ousnamer and Esposito are the only Defendants left in the action; the two title company Defendants (Anchor Title & Associates, Inc., and Stewart Title Guaranty Company) were dismissed in November 2009, and Defendant Ngozika Nwaneri, Jr., did not respond to the Complaint and default was entered against him in July 2009.

In May 2006, Plaintiff New South Federal Savings Bank ("New South Bank") entered into two mortgages totaling $1,448,750 with Defendant Nwaneri for the purchase of a home in Winter Springs, Florida. In his loan application, Nwaneri stated that he earned more than $36,000 per month and had approximately $700,000 of cash on hand in various accounts. (Order of March 3, 2009 (Docket No. 50) at 2.) The loans he applied for were so-called "stated income" loans, which meant that the Bank relied on the information provided in the application without verifying its truthfulness.

Ousnamer and Esposito performed an appraisal of the home on May 11, 2006. According to that appraisal, the value of the home was $1,525,000. New South Bank performed its own quasi-appraisal of the home using a computer program known as CoreLogic. This appraisal resulted in a value of $1,494,000.

Nwaneri did not ever make a payment on either of his mortgage loans, and the property went into foreclosure. New South Bank contends that the property is worth at least $400,000 less than its appraised value (and perhaps less than that). New South Bank seeks to hold the appraisers liable for its alleged damages under theories of negligence and negligent misrepresentation.

## DISCUSSION

### A. Summary Judgment

#### 1. *Standard of Review*

Summary judgment is proper only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir.1999).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *O'Ferrell v. United States*, 253 F.3d 1257, 1265 (11th Cir.2001). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials and must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

#### 2. *Analysis*

Defendants raise several arguments in their Motion for Summary Judgment. First, they contend that New South Bank cannot show that it relied on the alleged misrepresentation, thus defeating the claim for negligent misrepresentation.

Next, they argue that New South Bank cannot show that its alleged damages were caused by anything other than Nwaneri defaulting on the mortgages. Finally, they contend that Florida's economic loss rule prohibits recovery in tort for essentially contractual injuries such as those alleged here.

Summary judgment is appropriate because there is no evidence in the record raising a genuine issue of fact as to causation. New South Bank cannot establish that its damages were caused because of an allegedly faulty appraisal. There is simply no evidence that the bank would not have lent money to Nwaneri if the appraisal had been $1.1 million instead of $1.5 million. Rather, the evidence in the record is that the bank lent recklessly and must accept the consequences of that risk. To enter into a "stated—income" loan for more than 1 million dollars and for 95% of the appraised value of the property—New South Bank did not require Nwaneri to pay anything toward the purchase of the home—is simply reckless behavior. New South Bank's own reckless behavior, not Defendants' appraisal, caused New South Bank's losses. Summary judgment is granted on New South Bank's remaining claims for lack of causation.

## B. Motion to Strike Expert

Because the Court has found that summary judgment is appropriate, the Motion to Strike Expert is moot.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment (Docket No. 79) is **GRANTED**;

2. Defendants' Motion to Strike (Docket No. 84) is **DENIED** as **moot**; and

3. Plaintiff's claims against Defendants are **DISMISSED with prejudice**.